UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10072-MLW |
| | ) | |
| JERMALL BUTLER | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Jermall Butler files this Memorandum in support of his objection to the Probation Office's decision denying him a reduction for acceptance of responsibility.  Pursuant to the plea agreement, the Government will recommend a reduction for acceptance of responsibility.

STATEMENT OF FACTS

While serving a 24 month federal prison sentence (imposed by this Court for a violation of 18 U.S.C. § 513(a)), Butler knowingly possessed a prohibited object, heroin.  After Butler's release from prison on his federal sentence he was arrested and appeared in the United States District Court for the Northern District of New York on March 19, 2003.  PSR ¶ 4.  On April 1, 2003, that Court released Butler on the present charge on conditions.  PSR ¶ 6.  Simultaneously, Butler was on supervised release from this Court on the underlying federal sentence that had led to his incarceration.

On August 28, 2003, Butler absconded from the Northern District of New York.  One month later, on September 30, 2003,

the Marshals arrested Butler.  (Undersigned counsel understands that the Probation Office from this District has filed a petition with this Court seeking the revocation of Butler's supervised release alleging he absconded from his supervised release during the same period).

Thereafter, Butler agreed to plead guilty, agreed to have his case transferred to Boston, entered into a plea agreement with the Government and pled guilty before this Court on April 8, 2004.

## GUIDELINE CALCULATION

According to the PSR, Butler faces a 41-51 month sentencing range based upon an offense level of 15 and a Criminal History Category VI.  In addition, Butler faces an additional sentence for his violation of supervised release for the conduct resulting in the Obstruction enhancement.

Probation determined that the applicable guideline section is 2P1.2, that the base offense level is 13 and that a two level enhancement under § 3C1.1 for obstruction of justice is warranted.  PSR ¶¶ 23-30.  Butler agrees with this much of Probation's calculation as does the Government.

However, Probation denied Butler a reduction for acceptance of responsibility because of the application of the Obstruction enhancement.  PSR ¶ 19.

ARGUMENT

I.  The Court Should Award Butler the Reduction
    for Acceptance of Responsibility.

"Whether a defendant has, or has not, accepted personal responsibility is normally a fact-dominated issue, and the district court's decision to grant or withhold a reduction in the offense level on that account will not be overturned unless it can be shown to be clearly erroneous."  United States v. Talladino, 38 F.3d 1255 (1st Cir. 1994); see also U.S.S.G. § 3E1.1 comment n.6 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").

The application notes to Guideline 3E1.1 state:

Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.  There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

U.S.S.G. § 3E1.1 comment n.4.

Throughout this case, Butler has acknowledged his criminal conduct and accepted responsibility for his behavior.  While an inmate, a Corrections Officer searched Butler's person and discovered several packets of a powdery substance.  Butler admitted that it was heroin.  Subsequent forensic testing confirmed Butler's statement.  PSR ¶ 15.  The next day an FBI

agent interviewed Butler.  Id.  Butler waived his Miranda rights. Id.  Again, he admitted that he possessed heroin for personal use.  Id.  He also explained how he obtained the heroin.  Id.

More recently, after his rearrest in late September of 2003, Butler has pled guilty, agreed to the enhancement for obstruction of justice, and agreed to have his case transferred to the District of Massachusetts for prompt disposition.

Butler's ready and repeated admissions to his criminal conduct upon the initial confrontation, when later interviewed by the FBI and ultimately in Court distinguish this case from the ordinary case in which an obstruction enhancement precludes an acceptance of responsibility reduction.  For example, Butler's statement to the FBI explaining how he acquired the drugs inside a federal prison is an admission to, or the volunteering of, information beyond the offense of conviction which is more than ordinarily necessary under § 3E1.1.  See § 3E1.1 comment n.1(a). Importantly, Butler made this statement before he was charged criminally.  Moreover, after Butler's arrest his conduct reflects a full and complete acceptance of responsibility for his criminal actions.  Had Butler elected to go to trial, upon a conviction at trial, he would face the same sentencing range he now faces under Probation's calculation.  Nonetheless, Butler decided to plead guilty because he accepted responsibility for his conduct whatever the consequences.

CONCLUSION

Wherefore, defendant requests that the Court reduce his offense level by two points for acceptance of responsibility and sentence him to the low end of the revised Guideline range. Defendant further requests that the Court impose no fine as he has no present ability to pay and no prospect to pay such a fine in the future.

                              JERMALL BUTLER
                              By his attorney,

                              /s/ Leo T. Sorokin
                              B.B.O. #559702
                              Federal Defender Office
                              408 Atlantic Avenue, 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Leo T. Sorokin, hereby certify that a true copy of the above document was served upon Assistant U.S. Attorney Ted Heinrich by delivery on May 18, 2004.

                              Leo T. Sorokin