UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 04-10072-MLW |
| | ) | |
| JERMALL BUTLER, | ) | |
| Defendant. | ) | |

**FINDINGS AND ORDER ON PRELIMINARY
REVOCATION HEARING AND GOVERNMENT'S MOTION FOR DETENTION**
**April 29, 2008**

HILLMAN, M.J.

### I. Nature of the Offense and the Government's Motion

The Defendant, Jermall Butler, was originally sentenced to 41 months imprisonment followed by a thirty six month term of Supervised Release for possession of contraband while in prison, in violation of 18 U.S.C. §17911(a)(2).

On or about April 16, 2008, a Petition and Affidavit for Warrant or Summons for Offender Under Supervision ("Petition") was submitted to the Court. An arrest warrant was issued and Butler was arrested and brought before the Court for his initial appearance on April 18, 2008. At that time, the Government moved to detain Butler pending a final revocation hearing before Chief Judge Wolf.

A preliminary revocation/detention hearing was scheduled for on April 25, 2008. At the commencement of the hearing, Butler acknowledged for purposes of this hearing that there exists

probable cause to believe that he violated the terms of his supervised release. The matter then proceeded with respect to the issue of detention.

## II. **Findings of Fact**

Based on the defendant having acknowledged probable cause for the alleged violations, I make the following findings of fact:

On June 4, 2004, judgment entered sentencing Butler to forty-one months incarceration followed by 36 months of supervised release. Butler was subject to the following standard conditions of supervision: that he report to the probation officer as directed by the Court or probation officer, and submit a truthful and complete written report within the first five days of each month (standard condition #2); that he notify the probation officer at least tend days prior to any change in residence or employment (standard condition #6); and that he refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician. Also included was the special condition that he pay the balance of restitution according to a court ordered payment schedule. Butler's supervised release commenced on November 16, 2006. The Petition alleges that Butler violated these conditions as follows:

> On February 12, 2007 and April 9, 2007, Butler failed to appear for his color code drug screen, as directed;
>
> On November 6, 2007, Butler reported to his probation officer that he had quit his job at Walgreens in September 2007 and that he had been laid off from another job on October 11, 2007. Butler did not report these changes in his employment within the required time period;
> Butler tested positive for the use of heroin on November 16m 2007 and for the use of heroin and ecstacy on February 29, 2008;
>
> Butler has failed to make payments toward his restitution in accordance with his Court ordered schedule ($25 per month); and

Butler had been place at Spectrum Services for in-patient drug treatment on March 5, 2008. On April 13, 2008, Spectrum reported to Butler's probation officer that Butler had been terminated from the program because it was suspected that he had had drugs delivered to the program which he sold to other residents. Butler was also suspected of using drugs and on April 13, refused to provide a urine sample for drug testing.

### III. Whether Defendant Violated His Conditions of Release

As stated above, Butler has acknowledged there is probable cause to believe that he committed the violations alleged in the Petition.

### IV. Detention

Butler suggests that he be released and placed under home detention living with his fiancé until his revocation hearing before Chief Judge Wolf. Butler would assent to electronic monitoring and drug treatment. The Government opposes release noting the seriousness of his violations, including that he failed to report for drug testing, that he tested positive for the use of heroin and ecstacy, that his reporting has been erratic, and most importantly, that it is alleged that his girlfriend brought drugs into the drug treatment facility which he was attending.

Fed. R. Crim. P. 32.1(a)(6) provides that a person charged with a violation of his supervised release may be released or detained pending a revocation hearing. However, "[t]he burden of establishing that the person will not flee or will not pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). I do not find that Butler has met that burden. In particular, I find that Butler has failed to comply with the most basic conditions of his release, that he report as required and that he refrain from using illegal drugs. His counsel suggested that he would be amenable to drug treatment, however, he was discharged from the drug treatment facility where he had been placed by the probation department. Under

3

these circumstances, I find, in accordance with Fed. R. Crim. P. 32.1(a)(6), that Butler should be detained pending a revocation hearing before Chief Judge Wolf on May 30, 2008 at 3:00 p.m.

### V. Order of Detention Pending Revocation Hearing

In accordance with the foregoing,

IT IS ORDERED:

1. That Jermall Butler be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Jermall Butler be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Jermall Butler is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## VI. RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE